UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ERIC HINES on behalf of himself and all other
similarly situated consumers

                    Plaintiff,                Case No.

      -against-

AMERICAN CORADIUS INTERNATIONAL LLC

                    Defendant.
_____

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Eric Hines bring this action against American Coradius International LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### PARTIES

2.    Plaintiff is a citizen of the State of New York who reside within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Boerne, TX.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### JURISDICTION AND VENUE

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this district.

**ALLEGATIONS PARTICULAR TO ERIC HINES**

9.      Upon information and belief, on a date better known by Defendant, Defendant began to

attempt to collect an alleged consumer debt from the Plaintiff.

10.     In its efforts to collect the debt, Defendant contacted Plaintiff Hines by letter dated

October 19th, 2016.

11.     The said letter was sent in an effort to collect on a defaulted consumer debt.

12.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

13.     Upon affirmation and believe the said letter to Plaintiff Hines was the initial

communication received from the Defendant.

14.     The said letter stated an "Account Balance" of $79.95.

15.     15 U.S.C. § 1692g provides that within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt,

send the consumer a written notice containing certain enumerated information.

16.     One such requirement is that the debt collector provide "the amount of the debt." 15

U.S.C. § 1692g(a)(1).

17.     A debt collector has the obligation not just to convey the amount of the debt, but to

convey such clearly.

18.     15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance

and to disclose whether the balance may increase due to interest and fees.  Avila v.

Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

19.     The letter fails to disclose whether the "Account Balance" may increase due to

additional interest in the event payment is not made, the letter does not even mention by

when payment had to be received in order for the Plaintiff to fully satisfy his debt.

20.     The letter fails to include any "safe harbor" language concerning the accrual of interest. Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

21.     The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Account Balance" because the consumer would not know whether interest would continue to accrue or whether the amount of the debt will remain static if Plaintiff fails to make a payment, or by when the payment had to be made in order to satisfy the debt in full.

22.     If interest will continue to accrue the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

23.     An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest or not.

24.     Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2d Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

25.     Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

26.     "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-*Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

27.     "New York law provides that "[i]nterest shall be recovered upon a sum awarded because

of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiff are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc.*, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

28.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29.    The "Account Balance" in this case was for an amount that included original principal and contractual or statutory interest. Collection notices that state only the "Account Balance" but do not disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

30.    The Plaintiff was left uncertain as to whether the "Account Balance" will accrue interest, the rate of accrual of interest or by when the payment had to be made in order to satisfy the debt in full.

31.    To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

32.    Defendant was required to include a disclosure that automatically accrued interest will accrue, or in the alternative, the creditor has made an intentional decision to waive the automatically accruing interest, yet it did not make any of those disclosures in violation

of 1692e.

33.   Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

34.   Defendant knew that the balance would increase due to interest.

35.   "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

36.   The Plaintiff and the unsophisticated consumer would be led to believe that the "Account Balance" would remain as is and that paying the "Account Balance" would satisfy the debt irrespective of when payment was remitted.

37.   Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor **could** still seek the automatic interest . . . , or sell the consumer's debt to a third party, which itself could seek the interest from the consumer. Avila, at *10-11.

38.   A debt-collector must disclose that interest is accruing, or in the alternative, it disclose any such waiver.

39.   Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

40.   A consumer who pays the "Account Balance" stated on the letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest accumulated after the letters were sent but before the total balance was paid.

41.   Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt

to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

42.     Defendant's conduct caused Plaintiff confusion, uncertainty, distress and worry.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43.     The said letter is a standardized form letter.

44.     Upon information and belief, the Defendant's collection letters, such as the letters received by Plaintiff Hines, number in at least the hundreds.

45.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

46.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

47.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

48.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

49.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

50.     Defendant's communications were designed to cause the debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

51.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of the right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

52.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages

including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

53.   This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54.   The identities of all class members are readily ascertainable from the records American Coradius International LLC and those business and governmental entities on whose behalf it attempts to collect debts.

55.   Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of American Coradius International LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

56.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

57.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

58.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney have any interests, which might cause them not to vigorously pursue this action.

59.   This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff informs and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that is adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

60.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

61.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

63.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**

64.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through sixty-three (63) herein with the same force and effect is if the same were set forth at length herein.

65.   This cause of action is brought on behalf of Plaintiff and the members of a class. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 19th, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g(a)(1) of the FDCPA as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

66.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through sixty-five (65) herein with the same force and effect is if the same were set forth at length herein.

67.   This cause of action is brought on behalf of Plaintiff and the members of a class.

68.   The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 19th, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection

letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10)  of the FDCPA by using a false, deceptive and misleading representation in its attempt to collect a debt.

-10-

## PRAYER FOR RELIEF

69.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

70.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
         March 23rd, 2017

                                    __/s/ Igor Litvak_____
                                    Igor Litvak, Esq.
                                    Attorneys for the Plaintiff
                                    The Litvak Law Firm, PLLC
                                    1701 Avenue P
                                    Brooklyn, New York 11229
                                    Office: (718) 989-2908
                                    Facsimile: (718) 989-2908
                                    E-mail: Igor@LitvakLawNY.com

Plaintiff requests trial by jury on all issues so triable.

                                    __/s/ Igor Litvak_____
                                    Igor Litvak, Esq.